UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERENCE McDANIEL, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:20-CV-454-RLM-MGG |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Terence McDaniel, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Miami Correctional Facility (MCF 19-11-0924) in which he was found guilty of possessing a dangerous weapon in violation of Indiana Department of Correction disciplinary offense A-106. Among other sanctions, he lost 59 days of earned-timed credits and received a credit-class demotion.

The charge was initiated on November 20, 2019, when Sergeant B. Johnson wrote a conduct report stating as follows:

> On November 19, 2019 at approximately 11:40 PM I, Sergeant B. Johnson, was conducting targeted cell searches in JHU. Upon entering cell JHU cell 141/142 I began to search the bottom bunk of Offender McDaniel, Terrence 121743 J-141. On the bunk I located a pair of grey sweat pants that had a pocket on the inside which I located an edged weapon. The weapon measured approximately eight inches long and had a cloth wrapped around one end that made a handle. When I questioned Offender McDaniel about the weapon that was found in his room he become upset and stated that I needed to get the "rat" out of the dorm before he founds out who it is and takes care of him by his self. Offender McDaniel was presented a Confiscation Form he stated he wasn't dumb and wasn't signing the form.

(ECF 9-1). In addition to the notice of confiscated property form, an evidence record form was completed and a photo taken of the weapon that was recovered.

Mr. McDaniel was formally notified of the charge, pleaded not guilty and requested a witness statement from inmate Juan Rivera to state that "no one ever informed [Mr. McDaniel] about confiscation of evidence, no one said they found anything." (ECF 9-4.) He also asked for surveillance video from the date of the search to show "items being brought out of cell." (*Id.*) A statement was obtained from inmate Rivera: "I never seen the C.O. give Mr. McDaniel a confiscation form." (ECF 9-5). The hearing officer also searched for surveillance video but was "unable to locate any data" for that date and location. (ECF 9-9.)

The hearing was held after two postponement. The hearing report reflects that Mr. McDaniel said this in his defense: "I never had the weapon on me, and I wasn't the only one they searched that night." (ECF 9-6; ECF 9-7; ECF 9-8.) Based on the evidence, the hearing officer found Mr. McDaniel guilty. He lost earned-time credits and received a credit-class demotion. His administrative appeals were denied, and he filed this petition.

When prisoners lose earned-time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of evidence relied on and the reasons for the disciplinary action. Wolff v.

McDonnell, 418 U.S. 539 (1974). Due process requires that there be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Mr. McDaniel raises three claims in his petition: (1) the weapon was "not found on [his] person or direct vicinity"; (2) he was denied video evidence due to "faulty equipment or placement" of cameras in the prison; and (3) there was "mishandling of paperwork" by prison staff.[1] (ECF 1 at 2-3.)

The court understands his first claim to challenge the sufficiency of the evidence. To satisfy due process, there only needs to be "some evidence" to support the hearing officer's decision. Supt. v. Hill, 472 U.S. at 455. "This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone can be enough evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). Likewise, circumstantial evidence can be sufficient to satisfy the "some evidence" test. Meeks v. McBride, 81 F.3d 717, 721 (7th Cir. 1996).

Mr. McDaniel was found guilty of violating A-106, which prohibits possession of a dangerous weapon. The Department of Correction's Disciplinary

---

[1] Mr. McDaniel was granted until September 17, 2020, to file a traverse in support of his petition. (ECF 6.) That deadline has passed and no traverse has been filed.

3

Code for Adult Offenders ("Disciplinary Code") defines "possession" as being "[o]n one's person, in one's quarters, in one's locker or under one's physical control." Disciplinary Code, Policy & Admin. Proc. No. 02-04-101. The Disciplinary Code further provides:

> [O]ffenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to . . . shelving, storage area, bed and bedding materials in his/her housing assignment[.]

*Id.* The conduct report provides sufficient evidence that the weapon was found in a pair of pants in Mr. McDaniel's bedding area and so was in his "possession" for purposes of the Disciplinary Code. Although Mr. McDaniel protests that the weapon wasn't found on his person, this isn't a requirement to find an inmate guilty of possessing a prohibited item. To the extent Mr. McDaniel is claiming that the weapon was not his, it's not this court's job to reweigh the evidence to make its own determination of guilt or innocence. Webb v. Anderson, 224 F.3d at 652. Based on the record, he has not established a federal due process violation.

The court understands Mr. McDaniel's second claim to be that he was denied evidence. In effect, he argues that the prison's failure to have a properly functioning camera located in the area of his cell violated his due process rights. Prisoners have a right to submit relevant exculpatory evidence, but they don't have the right to the creation of evidence that doesn't already exist. Wolff v. McDonnell 418 U.S. at 556. This record reflects that the hearing officer searched

4

for video evidence as Mr. McDaniel asked, but there was no video available for the area and date of the search. The exact reason why such video wasn't available is unclear—whether due to an inoperable camera or the lack of a camera in that area—but the hearing officer can't be faulted for failing to consider evidence that didn't exist. Wolff v. McDonnell, 418 U.S. at 556. Mr. McDaniel hasn't established a violation of his due process rights in connection with this claim.

Mr. McDaniel's final claim is that there was "mishandling" of paper work by prison staff.[2] He explains that the "[i]ncident reports have no case number, No dates, has military times on it where it clearly stated in policy and procedures not to do it." (ECF 1 at 3.) He also complains that two different officers completed the conduct report and the confiscation of property forms. He appears to argue that the forms weren't completed in accordance with the Disciplinary Code. Even if he is correct in his argument, a violation of internal prison policy or other state law doesn't present a cognizable basis on which to grant him federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that hearing officer failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due process").

Mr. McDaniel might also be claiming that errors in the conduct report or other paperwork caused him confusion about the basis for the charge. Due

---

[2] Within this claim, Mr. McDaniel references errors made in connection with "witness statements" but doesn't elaborate. (*See* ECF 1 at 3.) The record reflects that at screening, he requested a statement from only one witness, inmate Riviera, which was obtained and considered by the hearing officer.

5

process requires only that the advance written notice "inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." Northern v. Hanks, 326 F.3d 909, 910 (7th Cir. 2003). The conduct report lists the offense with which he was charged, A-106, and describes the factual basis of the charge—namely, the discovery of a dangerous homemade weapon among his belongings. There is nothing confusing about the conduct report, and it provided all the information he needed to mount a defense. *Id.* at 911.

Additionally, to obtain habeas relief in connection with this claim, Mr. McDaniel would have to demonstrate that the "mishandling" of paper work prejudiced his ability to defend himself, and he hasn't done so. *See* Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary proceeding). The record reflects that he fully understood the nature of the charge and prepared a defense, obtaining a witness statement from his cellmate and also making a statement in his own defense at the hearing. That the hearing officer chose to credit the evidence of his guilt doesn't mean that his federal due process rights were violated.

Within this claim, Mr. McDaniel also argues that the postponements of the hearing violated his rights. It appears that the hearing was delayed due to the hearing officer's search for surveillance video in accordance with Mr. McDaniel's request, because the video evidence review form wasn't completed until a few days before the February 8 hearing. In any event, there is no requirement under *Wolff* that a disciplinary hearing be held within a certain amount of time, although inmates are entitled to at least 24 hours advance written notice of the

charge. Wolff v. McDonnell, 418 U.S. at 564. Mr. McDaniel received well over 24 hours' notice, as he was formally notified of the charge on December 11, 2019, and the hearing was held on February 8, 2020. To the extent Mr. McDaniel relies on the timelines set in the Disciplinary Code, this argument is unavailing for the reasons already stated. *See* Estelle v. Gamble, 502 U.S. at 67-68.

For these reasons, the court DENIES the habeas corpus petition (ECF 1), and DIRECTS the clerk to enter judgment in this case.

SO ORDERED on October 27, 2020

                                           s/ Robert L. Miller, Jr.
                                           JUDGE
                                           UNITED STATES DISTRICT COURT